Mrs. Effie POE, Plaintiff and Appellant, v. A. J. KRELLER, Defendant and Appellee.
No. 14838.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

Buck, Walshe & Buck, of New Orleans, for appellant.

Scott E. Beer and Walter M. Barnett, Jr., both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a tenant against a landlord for damages for physical injuries alleged to have been caused by a defective step attached to the rear of the rented premises. The question of the responsibility of the landlord is not at issue, for it is conceded that, if the accident happened in the manner stated in the petition, there is liability. The sole question, one of fact, is whether the plaintiff was injured as a result of a defective step.

The testimony on behalf of plaintiff consists of that given by herself and by a witness residing with her by the name of David Byrd. Both witnesses say that on the morning of May 20, 1933, about 6 o'clock a. m. plaintiff attempted to use the rear steps of the premises, and that as she put her foot on the top step it gave way, causing the steps to separate from the gallery to which they were attached and plaintiff to fall with her left leg between the steps and the gallery, her back striking the gallery.

Plaintiff was treated by Dr. Joseph Roy Theriot, Jr., for a sacroiliac strain, but no evidence of contusions or brush burns was found on her leg or body.

As against this testimony on plaintiff's behalf three witnesses, the landlord, his carpenter, and a colored agent who resided in an apartment adjacent to plaintiff's testified on behalf of defendant that the steps did not part from the gallery at all, but that there was a small recession of about two inches from the level of the gallery, which, if true, would make it impossible for plaintiff to have been injured in the manner claimed.

The trial court was of the opinion that plaintiff did not make out her case with legal certainty, and under the facts as we find them in the record we cannot say that it was manifestly mistaken.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.